**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

KEVIN BACHHUBER, on behalf of
himself and others similarly situated,

      Plaintiff,                        Case No. 3:25-cv-00423-WMC

    v.

MILLENNIUM FUNDING SOURCE LLC,

      Defendant.

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant MILLENNIUM FUNDING SOURCE LLC ("Defendant") hereby answers the Complaint of Plaintiff KEVIN BACHHUBER ("Plaintiff") as follows:

**Nature of Action**

1. Paragraph 1 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

2. Paragraph 2 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff has filed this lawsuit. Defendant denies that the lawsuit has merit; denies that Plaintiff and the putative class members are entitled to any relief; and further denies any remaining allegations in Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, which also constitute legal conclusions.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, which also constitute legal conclusions.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, which also constitute legal conclusions.

## Parties

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that it is a California limited liability company.

## TCPA Background

10. Paragraph 10 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

13. Paragraph 13 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, said allegations constitute legal conclusions to which no response is required.

**Factual Allegations**

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, which also constitute legal conclusions.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant denies sending this text message. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendant denies sending this text message. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

## Class Action Allegations

35. Defendant admits that Plaintiff brings this action under FRCP 23 on behalf of a putative class. Defendant denies that Plaintiff has a viable class, and further denies any remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies that Plaintiff has a viable class. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff brings claims individually and on behalf of a putative class. Defendant denies that the claims have merit; denies that class action treatment is warranted; and further denies any remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

**Count I**

53. Defendant incorporates by reference all of the responses set forth above.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

**Plaintiff's Prayer for Relief**

Defendant denies that Plaintiff and the putative class members are entitled to any relief requested in the Prayer for Relief and elsewhere in the Complaint.

**Plaintiff's Jury Demand**

Defendant admits that Plaintiff demands a trial by jury.

**AFFIRMATIVE DEFENSES**

1. The acts, omissions, injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, the putative class members, third parties, and/or others for whom Defendant is not responsible.

2. Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute(s) of limitations.

3. Defendant acted in good faith at all relevant times and did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous.

4. All calls and/or text messages placed to Plaintiff and the putative class members, if any, were placed with prior express consent, written or otherwise.

5. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA or the regulations prescribed thereunder.

6. Any alleged violations, which are denied, were unintentional and Defendant is therefore entitled to a "safe harbor" defense.

7. This matter may be subject to an arbitration provision and/or a class action waiver provision. If so, Defendant reserves the right to enforce any such provisions.

8. Plaintiff's claims, and/or the claims of the putative class members, are barred because they lack standing and/or jurisdiction to assert them, *inter alia*, because they have suffered no injury-in-fact.

9. Plaintiff's claims, and/or the claims of the putative class members, may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

10. To the extent that Plaintiff and/or the putative class members claim to have suffered damages, which is disputed by Defendant, they have failed to mitigate any such claimed damages.

11. The imposition of the damages sought by Plaintiff on a class action basis would violate Defendant's constitutional rights to due process and equal protection and constitute an excessive fine.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and proper.

Dated: July 25, 2025

                                            **MURPHY DESMOND S.C.**
Attorneys for Defendant

By: *Electronically signed by Alex J. Becker*
     Alex J. Becker, State Bar No. 1126511
     Scott G. Salemi, State Bar No. 1118960
     33 East Main Street, Suite 500
     P.O. Box 2038
     Madison, WI  53701-2038
     (608) 257-7181
     abecker@murphydesmond.com
     ssalemi@murphydesmond.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Dated: July 23, 2025

                                            **MURPHY DESMOND S.C.**
                                            Attorneys for Defendant

                                    By: *Electronically signed by Alex J. Becker*
                                            Alex J. Becker, State Bar No. 1126511
                                            Scott G. Salemi, State Bar No. 1118960
                                            33 East Main Street, Suite 500
                                            P.O. Box 2038
                                            Madison, WI 53701-2038
                                            (608) 257-7181
                                            abecker@murphydesmond.com
                                            ssalemi@murphydesmond.com

4924-8032-1368, v. 1